B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>MICHAEL PORZIO, DEBTOR | **DEFENDANTS**<br>LINDA ST. PIERRE, AN INDIVIDUAL & JP MORGAN CHASE, DEFENDANTS |
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

DEFAMATION, ATTORNEY LITIGATION ABUSE, DECEIT AND LIBEL

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED 2023 JUN 12 P 3: [illegible] CLERK, U.S. BANKRUPTCY COURT DISTRICT OF CONNECTICUT BRIDGEPORT DIVISION

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 20,000,000.00 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>MICHAEL PORZIO || BANKRUPTCY CASE NO.<br>23-50193 ||
| DISTRICT IN WHICH CASE IS PENDING<br>CONNECTICUT || DIVISION OFFICE<br>BRIDGEPORT | NAME OF JUDGE<br>MANNING |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF<br>MICHAEL PORZIO | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature]* MICHAEL PORZIO, SELF REPRESENTED ||||
| DATE<br>6/12/2023 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
At BRIDGEPORT

FILED
2023 JUN 12 P 3:56
CLERK U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

IN RE:                                              : CASE NO: **23-50193**

MICHAEL PORZIO,                                     : CHAPTER 13
  *Debtor*                                          :
                                                    :
--------------------------------------------------

MICHAEL PORZIO, *an individual,*
  *Plaintiff*                                       :
vs.                                                 : CASE NO: _____

LINDA ST. PIERRE, *an individual, and*              :
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, *a national association bank,*         :
  *Defendants*                                      : JUNE 10, 2023

## COMPLAINT

COMES NOW debtor and plaintiff herein, MICHAEL PORZIO, who is aggrieved by the acts and practices of the Defendant Respondents, and seeks money damages for defamation, attorney litigation abuse, deceit, and libel, and respectfully alleges the following:

## INTRODUCTION

This is a case that has its roots in litigation spawned in the Connecticut Superior Court system, under docket no. FST-CV09-5010388-S, with Summons and Complaint filed with return date of February 24, 2009. The named plaintiff in that underlying litigation was described as *JPMorgan Chase Bank, NA f/k/a Washington Mutual Bank f/k/a Washington Mutual Bank, FA*, an entity that turns out to not have any legal existence, and never had any existence; it was a fiction manufactured by Marylou Scofield of Bendett & McHugh, P.C. for the Court's consumption. Shortly thereafter, on September 08, 2009 counsel Nicole Barber of the law firm

1

Hunt Leibert Jacobson P.C. filed an Appearance. Of note, Bendett & McHugh did not file a single Pleading in that cause, between February 2009 and September 2009 plaintiff filed nothing.

It is noted that Hunt Leibert Jacobson P.C. was subsequently merged into McCalla Raymer Pierce, LLC, of Roswell, Georgia, to form the newer and current firm *McCalla Raymer Leibert Pierce, LLC*, of which defendant LINDA ST. PIERRE [hereinafter: "St. Pierre"] is, upon information and belief, a partner[1] and hence personally responsible for the acts of the law firm partnership.

The Scofield Complaint alleged that the plaintiff, recited as *JPMorgan Chase Bank, NA f/k/a Washington Mutual Bank f/k/a Washington Mutual Bank, FA*, was the "holder of the note," as set forth in paragraph 5 of the Complaint, reproduced here:

> 5.    The Plaintiff is the holder of said Note and Mortgage and the unpaid balance of said note is $2,481,801.89, plus interest from February 1, 2009, late charges and collection costs have not been paid although due and payable.

Much later, it was eventually discovered that the named plaintiff was never the or a "holder of the note and mortgage," the foundational buttress of the Complaint being a bald fabrication. Indeed, neither the Bendett & McHugh law firm, nor any other, had ever seen the asserted Note. That the Note did not even exist did not trammel any of the counsel that arrived during the course of this litigation.

Movant was thus confronted by litigation be relentlessly pressed by St. Pierre and her colleagues at McCalla Raymer Leibert Pierce, alleging that the non-existent plaintiff possessed a

---

[1] St. Pierre is listed as "partner" in the McCalla Raymer website:
www.mccalla.com/professionals/?professional_name=linda+st+pierre&office_location=405&practice_area=#filters

2

non-existent Note, and on that bases demanded foreclosure of his Property located at 2 Angora Road, in the town of Westport, Connecticut [hereinafter: "the Property"], and obliged Movant to expend staggeringly vast sums and energy to defend against. Notably, Movant is of the age of eighty (80) years.

Exhausted, Movant Porzio ultimately sold the Property to an out-of-State investor on or about July 29, 2019.

The Nicole Barber Complaint had wended its way, and continued to wend its way, through a vast series of Amended Complaints, each attempting to proffer new ideas about the foundation of the Complaint. Plaintiff had issued a Second Amended Complaint, then sought to issue and did issue a Revised Second Amended Complaint, the amended that to the Third Revised Complaint, then conceded it had not proper foundation for the Third Revised Complaint and sought to Amend the Third Revised Complaint which the Court labeled as the Fourth Amended Complaint. Throughout, plaintiff by counsel sought to craft varying ideas about its theory of "holder of the Note," now claiming via a Lost Note Affidavit that the Note was "lost" in its note vault operations located in Louisiana. That this was all a charade and a deceit was much later discovered when the apparent originator, Washington Mutual Bank, released its own Affidavit declaring that the presumed Note was "lost" within its own operations some three weeks after it was claimed to have been completed.

Quite obviously, no Note no matter how constituted could possibly have ever come into the possession of this plaintiff nor any other plaintiff, by transfer and delivery, given that it was already long-ago lost with the hands of the claimed originators. Lost is lost.

Plaintiff sought to obtain a run-around of this absolute barrier by presenting the Court a "Lost Note Affidavit" of one Christie H. Hill, who may not have existed and apparently was a

3

man signing her name on thousands of documents. The effort was responded to by defendant/Movant with his Motion to Strike, recorded in the Docket Record as no. 202.00. *See* at **Exhibit "A"**. The Court after Hearing Granted the Motion to Strike and both the Affidavit and the claimed copy of a "lost note" were Stricken from the Record. *See*: at 202.86, **Exhibit "B"**.

Notwithstanding, the trial court in error issued a Judgment of foreclosure against the Property, and a series of Law Days were set. The final Law Day was set for Tuesday, January 21, 2020. However, the new owner, due to other circumstances quite unrelated to this matter, had filed his own Petition in Bankruptcy on December 17, 2019, under docket no. 19-10530. It is beyond peradventure that the Petition included the subject Property, 2 Angora Road, as an asset of that bankruptcy estate. The "Law Day" came and went with the Property under the protection of the Bankruptcy Court and thus was utterly void *ab initio* on January 21, 2020.

As the litigation was styled as a "suit on note," and the State Court had Struck the attempt to resurrect the note via a lost note affidavit, and Defendant Porzio, Movant herein, did not even own the Property at that point, the matter was left to die in the hands of the non-existent plaintiff styled as *JPMorgan Chase Bank, NA f/k/a Washington Mutual Bank f/k/a Washington Mutual Bank, FA.*

Undeterred by the established fact that the plaintiff in the 2009 litigation did not exist, paid nothing for the debt, and never took possession of any Note to evidence the debt, nonetheless the defendant St. Pierre roared back into the State Court, Housing Division, claiming a right to "evict" the Movant from the subject Property notwithstanding that it was owned by another, that Movant Porzio was an arm's-length tenant (and protected by State and Federal tenancy laws), and that its client was now the improved version of the original plaintiff, this time being the entity *JPMorgan Chase Bank, N.A.* (which it also variously named *JPMorgan Chase*

4

*Bank, National Association*, [hereinafter: "Chase Bank"], a defendant herein). Facing yet more unceasing litigation over a non-existent Note and a claim on property that was no longer Property of the Movant, the Debtor eventually filed for protection from creditors in the underlying bankruptcy Petition herein.

At least within the context of the Housing Court litigation, defendant Chase Bank knew perfectly well that its name was being usurped by defendant St. Pierre and her law firm in order to advance harassing litigation being financed by yet another, apparently the Salt Lake City outfit "Select Portfolio." Movant contends that it is Select Portfolio that retained St. Pierre and McCalla Raymer, instructing the attorneys to utilize the name of defendant Chase Bank so as to provide a pervasive veil of opacity as to the true identity of the actioning entity. Further, defendant Chase Bank, with a wink and a nod, abetted this abuse of the Courts.

### **JURISDICTION**

1. This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409.

3. This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b) (2) (b) and (b) (2) (K) in that it is an action to determine the nature, extent and validity of a lien on property apparently evidenced by a mortgage, and the allowance or disallowance of a claim. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and jurisdiction exists pursuant to 11 U.S.C. § 502 (a) and (b) (1), 11 U.S.C. § 544 (a) (3) and (b) (1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state law claims.

## PARTIES

4. Plaintiff MICHAEL PORZIO [hereinafter: "Porzio"] is an individual, at all material times a resident of the State of Connecticut. Plaintiff Porzio is a debtor of the within-captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 30, 2023 [hereinafter: "the Porzio Bankruptcy Case"] in the District of Connecticut, Case Number: 23-bk-50193.

5. Plaintiff is and at all times mentioned herein is an owner at least in part of the equity of the subject Property that underlies the tortious actions of the defendants herein. That Property is now listed as an asset of this Bankruptcy Estate in Schedule A thereof.

6. Defendant LINDA ST. PIERRE ["St. Pierre"] is, upon information and belief, an attorney licensed to practice in the State of Connecticut, and is claimed to be a Partner in the law firm McCalla Raymer Leibert Pierce, LLC. Defendant St, Pierre holds herself forth as a highly skilled and polished attorney licensed to practice in the State of Connecticut and the Federal Courts of Connecticut, and invites these Courts to repose their faith, trust and confidence in defendant St; Pierre's Filings, representations, and oral and written arguments.

7. Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, is, upon information and belief, a national association bank with its actual principal place of business located at 270 Park Avenue, New York, NY 10017, a massive 63-story office tower with 2,500,000 square feet of floor area. Defendant is hereinafter referred to as "Chase Bank." Although Defendant Chase Bank pretends it is located in tiny Sioux Falls, South Dakota, that representation is one of a long itinerary of charades masqueraded by defendant, and easily 99% of the actual head-office staff in New York have never been to Sioux Falls, South Dakota.

**FIRST COUNT**  Plaintiff's Count for Statutory Theft
[as to all defendants]

1. Plaintiff re-alleges each of the previous allegations as if set forth fully herein.

2. The acts and practices of the defendants were designed with the specific and deliberate intent of wresting away the Property of the Plaintiff, wherein attorney Linda St. Pierre made false assertions in court with the intent of depriving plaintiff of his rights in the Property in an effort to hand the Property to a non-party., apparently the entity "Select Portfolio."

3. Defendants knew that, were the scheme of theft to be realized, none of the funds developed by the ultimate sale of the subject Property would flow back to any true Obligee of the Debtor, and instead the funds would be taken by Select Portfolio or others associated therewith, including in part defendant Chase Bank, to inure to their gain, notwithstanding that defendant Chase Bank paid nothing for any debt of plaintiff Porzio herein.

3. C.G.S. § 52-564 action for civil theft provides for treble damages.

4. Linda St. Pierre seeks to take the litigation privilege as a *carte blanche* to submit falsities to the Courts in an effort to wrest control of plaintiff's subject Property from the bankruptcy estate, notwithstanding that St. Pierre is not retained by, and does not represent, Chase Bank. This conduct, however, takes the litigation privilege a bridge too far, is contrary to the public policy underlying the litigation privilege, and is unsupported by the case law which has developed the privilege.

5. At all material times, defendants and each of them knew, ought to have known, or could reasonably have foreseen that there are three elements that must be satisfied to enable a claimant to advance a cause against Plaintiff herein as respects the subject property. Those elements are: (1) the existence of the debt, (2) ownership of the debt by the claimant, and (3) authority from the owner of the alleged underlying obligation. Those three elements have been

7

ignored by defendants, who have wrongfully proceeded to represent to the Courts and the public at large that their facial client, first *JPMorgan Chase Bank, NA f/k/a Washington Mutual Bank f/k/a Washington Mutual Bank, FA*, and lately *JPMorgan Chase Bank, National Association*, had rightful claims against Plaintiff, including a rightful claim of security interest in the Plaintiff's property. Defendants advanced that cause although defendants, and each of them, and McCalla Raymer and also Bendett & McHugh, at all material times knew that those three elements did not exist, neither for JPMorgan Chase Bank nor for their true client *Select Portfolio*. No such loan account receivable exists on the accounting ledgers of defendant Chase Bank.

6. Defendant Chase Bank never had any risk of loss on account of any purported "loan" claimed as against Plaintiff herein, and no act or failure to act by plaintiff Porzio at any time would lead to any harm, loss, or injury to said Chase Bank; nonetheless, defendants and each of them including by agent or servant continued in their wrongful courses of conduct complained of at least in part herein.

7. Real property can be the object of a civil theft, as C.G.S. § 53a–118(a)(1), which applies to C.G.S. § 53a-119, provides in relevant part, " 'Property' means any money, personal property, real property, thing in action, evidence of debt or contract, or article of value of any kind." (Emphasis added.) *Barretta v. Barretta*, No. CV09-5009664-S, 2011 WL 4031197, at *6 (Conn. Super. Ct. Aug. 18, 2011).

7. At all material times, the Defendants, their agents and servants, and each of them knew, ought to have known, or could reasonably have foreseen the fact that civil theft is, at its core, a crime. Civil theft committed via litigation implicates the improper use of the judicial system.

8

9. By filing what are couched as "Certificates" upon the Land Records of the Town of Westport wherein Plaintiff owned his home, the defendants and each of them knew full well that they had already wrongfully deprived Plaintiff of ownership title of the Property. Plaintiff seeks money damages, treble damages for civil theft, pursuant to C.G.S. § 52-564, common law punitive damages for civil theft in the amount of any attorney's fees, interest from the date of the civil theft, the costs of this action, and such other and further relief to which he may be entitled at law or in equity.

**SECOND COUNT**        **Count for Slander of Title [as to all defendants]**

1. Plaintiff incorporates all of the preceding allegations as if fully set forth herein.

2. Defendants manufactured, or authorized the manufacture and filing of, various papers styled as "Certificate of Judgment" upon the Land Records of the Town of Westport, suggesting that title to the subject Property was transferred to defendant Chase Bank.

3. The manufacture and filing of the above-recited Certificate is and constitutes a slander of title, for which slander Plaintiff demands money damages.


**THIRD COUNT**        **Count for Injunctive Relief [as to defendant Chase Bank]**

1 – 2. Paragraphs 1 and 2 inclusively of the First Count of the Complaint are hereby incorporated as if fully set forth herein as paragraphs 1 through 2, respectively, of this the Second Count of the Complaint.

3. Plaintiff seeks relief by way of Injunction to enjoin the Clerk of the town of Westport to strike the offending Certificate of Foreclosure from the land Records of the Town of Westport, as an equitable remedy.

**FOURTH COUNT**     **Count for vexatious litigation [as to all defendants]**

1 – 2. Paragraphs 1 and 2 inclusively of the First Count of the Complaint are hereby incorporated as if fully set forth herein as paragraphs 1 through 2, respectively, of this the Fourth Count of the Complaint.

3. Defendants have engaged in wrongful litigation against defendant Porzio in their suit on note, which claimed note defendants never possessed, and which if it existed was never Indorsed to their account.

4. Defendants paid nothing for any claimed debt of plaintiff Porzio.

5. Defendant St. Pierre is not protected by the litigation privilege as she was not retained by, and did not have an attorney-client relationship with, either the claimed entity *JPMorgan Chase Bank, NA f/k/a Washington Mutual Bank f/k/a Washington Mutual Bank, FA*, or the entity *JPMorgan Chase Bank, National Association*.

6. Plaintiff demands money damages from defendants and each of them for harms, losses and injuries inflicted upon him by the wrongful, malicious, and vexatious litigation complained of hereinabove.

**RELIEF REQUESTED**

1. Plaintiff demands money damages for civil theft, the damages being measured by the assessed value of the Property, set at 70% of market value, as the benchmark for calculating the market value of their property title so wrongfully stolen from him.

2. Plaintiff further demands treble damages for the civil thefts complained of, as provided for under Connecticut General Statutes § 52-564, common law punitive damages for civil theft in the amount of his attorney's fees, interest from the date of the civil theft, the costs of this action, and such other and further relief to which they may be entitled at law or in equity.

3. Plaintiff seeks money damages from Defendants and each of them for abuse of process in the amount of $2,000,000 each, to be levied jointly and severally as against all defendants, for their abuse of process.

4. Plaintiff seeks money damages from Defendants and each of them for vexatious litigation in the amount to be established by the trier of fact, to be levied jointly and severally as against all defendants, for their vexatious litigation.

5. Plaintiff seeks money damages from Defendants and each of them for Defamation in the amount to be established by the trier of fact, to be levied jointly and severally as against all defendants, for their Defamations.

## And for Declaratory Relief:

WHEREFORE, Plaintiff asks for Declaratory Relief by an Order issued to the Clerk of the Town of Westport Ordering the striking of Certificates filed against him in the Land Records thereof, such Filings to be declared null and void, and Plaintiff obtain further relief as follows: .,

a. That Plaintiff be put back in title to the subject property;

b. That the suit in foreclosure of Plaintiffs void Mortgage be deemed null and void;

c. That all documents recorded on or against title to the subject property in the Town of Westport, State of Connecticut public land records alienating Plaintiff Michael Porzio's land title claims be declared null and void.

DATED this 10th day of June, 2023

Respectfully submitted,

MICHAEL PORZIO
2 Angora Road
Westport, CT 06880
203-858-1914

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## At BRIDGEPORT

**FILED**

2023 JUN 12 P 3: 56

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE: | CASE NO: 23-50193 |
| MICHAEL PORZIO,<br>*Debtor* | CHAPTER 13 |
| | |
| MICHAEL PORZIO, *an individual*,<br>*Movant*, | **ADVERSARY PROCEEDING** |
| vs. | CASE NO: _____ |
| LINDA ST. PIERRE, *an individual, and*<br>JPMORGAN CHASE BANK, NATIONAL<br>ASSOCIATION, *a national association bank*,<br>*Respondents* | JUNE 10, 2023 |

### CERTIFICATE OF SERVICE

Service is hereby certified to all parties herein by deposit of a true copy of same, first-class postage prepaid, into the United States Mails, on June 12, 2023, addressed to:

JPMorgan Chase Bank, National Association
270 Park Avenue
New York NY 10017

Linda St. Pierre
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120

By the Plaintiff:

_____
MICHAEL PORZIO