# Exhibit "A"

**Defendant's Motion to Strike
Affidavit of Lost Note**

**Dkt. CV-09-5010388-S
Connecticut Superior Court
Jud. D. of Stamford, CT**

**Doc. No. 202.00
September 23, 2011**



FILED
2023 JUN 13 A 9:09
CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

**DOCKET NO. CV - 09- 5010388 S**SUPERIOR COURT :     **SUPERIOR COURT**
STAMFORD - NORWALK
**JP MORGAN CHASE BANK**     JUDICIAL DISTRICT

2011 SEP 23  P 3: 13     **JUDICIAL DISTRICT OF**
                                              :     **STAMFORD / NORWALK**
**VS:**
                                              :     **AT STAMFORD**

**MICHAEL PORZIO, ET AL**                     :     **SEPTEMBER 23, 2011**

## DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF LOST NOTE

The Defendant, Michael Porzio, in the above-entitled action hereby files his motion to strike the Affidavit Of Lost Note of Christie H. Hill. In support of the instant motion, the Defendant represents and states as follows:

1. The Affidavit Of Lost Note, purportedly made and executed by Christie H. Hill is inadmissible under the rules of evidence. The stated Affidavit is legally deemed a "hearsay" statement and opinion. The alleged Christie H. Hill in said Affidavit makes a series of allegations pertaining to Defendant Michael Porzio, however fails to make the assertion and claim that she has personal knowledge of such facts, events, and affairs of Mr. Porzio and/or his alleged loan and promissory note.

2. The Affidavit of Christie H. Hill and its affiant do not claim to have personal knowledge of anything, and in particular, any of the hearsay allegations in said Affidavit.

3. The alleged affiant, Christie H. Hill, does not explain how any of the professed Porzio records and/or files came into her possession, if at all, and/or were made accessible.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY IS REQUIRED**

4. The alleged affiant, Christie H. Hill, fails to identify who exactly is the Custodian Of Records at Washington Mutual Bank FA, who was responsible precisely for the safekeeping of highly valuable promissory notes.

5. The alleged affiant, Christie H. Hill, only makes representation to be responsible for the delivery of promissory notes, not for their safeguarding and/or filing. It is an impossibility based on the allegations made, that in the capacity of solely "delivery person", that Ms. Hill would have any knowledge of what type of file or location said alleged "promissory note" would have been placed.

6. As a "delivery person", this Honorable Court cannot infer personal knowledge where there exists none, and make the assumption that the purported Christie H. Hill held any credible first hand knowledge pertaining to the circumstances relating to any alleged loss, theft, or destruction of the subject alleged Porzio "note".

7. The alleged affiant, Christie H. Hill, fails in said document to provide any evidence of a valid accounting background and license to be able to have the legal authority and sufficiency to make assertions and determinations as to an alleged debt owed of $2,500,000 .00 by Michael Porzio. Additionally, the purported Christie Hill has failed to make the claim the she ever held any personal knowledge of the alleged debt and/or calculations pertaining to such alleged debt of Michael Porzio.

8. The offered and disputed subject Affidavit Of Lost Note fails to disclose the identifying alleged loan and Instrument number that would definitively match such debts and/or obligations with Michael Porzio.

9. Alleged affiant, Christie H. Hill, does not make any claim to have personal knowledge of how business records were kept at Washington Mutual.

(3)

10. Alleged affiant, Christie H. Hill, fails to make the assertion and specific allegation that the Plaintiff, and/or its predecessor Washington Mutual Bank FA, was in physical possession of the alleged Porzio "Promissory Note" prior to the alleged loss.

11. Based upon recent opinion of May 2011 of the UCC, the alleged Plaintiff JP Morgan Chase Bank, and/or Washington Mutual Bank FA, were never legally empowered to have authority to bring a foreclosure action against Michael Porzio, as the requirement was never met to make claim that a lost, destroyed, or stolen promissory note was in the possession of such parties before the discovery of such loss. Said parties have never claimed to have been the rightful owners or "real party in interest" having physical possession of the alleged "note" prior to its purported loss. The Superior Court Of Stamford Connecticut has no subject matter jurisdiction to infer or conclude that either of the above stated parties were ever in physical possession of the alleged Porzio "note" preceding the alleged loss.

12. Alleged affiant, Christie H. Hill, has not made any allegation that the purported Affidavit Of Lost Note was filed in the land records in Westport, Connecticut on or about April 6, 2007. Moreover, Christie Hill has failed to disclose who exactly said Affidavit Of Lost Note was presented, delivered, and/or transferred to. The alleged Christie Hill claims to be solely a "delivery person". Lastly, the Plaintiff, JP Morgan Chase Bank, has never represented that it acquired said alleged Affidavit Of Lost Note in lieu of the actual alleged "note".

13. The purported Affidavit Of Lost Note of Christie H. Hill is not properly and legally notarized, and is in violation of South Carolina Notary Laws. The apparent S.C. State Notary Terri N. Woods only swears that Terri N. Woods was sworn before

(4)

her, not Christie H. Hill. Further in violation of South Carolina Notary Procedure, Terri N. Woods failed to disclose and identify the exact date of the unlawful and incomplete alleged notarization of Terri N. Woods. Defendant argues that this Honorable Court has erred in Denying Defendant's Motion To Dismiss With Prejudice, relying upon an Affidavit that is not properly and legally notarized; thus inferring upon facts that are legally unverifiable and not authenticated.

14. The Superior Court Of Stamford has innocently and therefore erroneously concluded that the subject alleged Affidavit Of Lost Note of Christie H. Hill was definitively made and executed on April 6, 2007, when there is no date certain of the incomplete and unlawful notary act performed allegedly by South Carolina State Notary Terri N. Woods on said instrument. This Honorable Court has been mislead by a fraudulent document to find that JP Morgan Chase Bank had proper and sufficient legal "standing" to bring the instant foreclosure action.

15. With the recent revelations uncovered by 60 Minutes of the nationwide foreclosure fraud crisis and the Linda Green / DocX signature fraud, it is highly possible that Christie H. Hill may not be a real living woman, person, and breathing soul. The 60 Minutes investigation has proven that men have been posing and impersonating women and forging the names of Linda Green and others on legal documents ordered by certain banks needed to bring foreclosures.

(5)

**WHEREFORE,** based upon the foregoing, the Defendant Michael Porzio respectfully asks the Court to Strike the Affidavit Of Lost Note of Christie H. Hill as it is hearsay at best, not based upon any claimed personal "first hand" knowledge, and therefore inadmissible under the rules of evidence. The alleged affiant, Christie H. Hill, does not claim to have any personal knowledge of the events or facts she is alleging, and moreover fails to identify any other person(s) who have personal knowledge of any of the facts, events, documents, and/or records as set forth and alleged in said affidavit. Importantly, the professed subject affidavit does not make any claim, allegation, and/or any other assertion that Washington Mutual Bank FA was ever in physical possession of the alleged "note" before it allegedly became mysteriously lost. The Defendant prays this Honorable Court Of Stamford Connecticut Order Stricken from evidence in the above action the alleged subject Affidavit Of Lost Note of Christie H. Hill, and all such reliance in error upon such fraudulent and legally insufficient document be reversed.

**Dated:** September 23, 2011

**The Defendant**
*Respectfully Submitted*

By: _____
Michael Porzio

Michael Porzio
2 Angora Road
Westport, CT  06880
Tel: (203) 858-1914 Cell
Email: MichaelPorzio@hotmail.com

# Exhibit "B"

### ORDER
### Granting Defendant's Motion to Strike
### Affidavit of Lost Note

### Dkt. CV-09-5010388-S
### Connecticut Superior Court
### Jud. D. of Stamford, CT

### Doc. No. 202.86
### November 11, 2011

FILED

2023 JUN 13 A 9: 09

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

ORDER   407901

DOCKET NO: FSTCV095010388S

SUPERIOR COURT

JPMORGAN CHASE BANK
   V.
PORZIO,MICHAEL ET AL

JUDICIAL DISTRICT OF STAMFORD
   AT STAMFORD

10/11/2011

## ORDER

ORDER REGARDING:
09/23/11 202.00 MOTION TO STRIKE

Judicial Notice (JDNO) was sent regarding this order.

The foregoing, having been heard by the Court, is hereby:

ORDER: GRANTED

Motion to strike the lost note affidavit is granted.

407901

Judge: DOUGLAS C MINTZ
Processed by: Sara Gould